1  Kristen J. Nesbit (SBN 242426)
   E-Mail: knesbit@fisherphillips.com
2  Nathan V. Okelberry (SBN 266596)
   E-Mail: nokelberry@fisherphillips.com
3  LaLonnie V. Gray (SBN 366999)
   E-Mail: lgray@fisherphillips.com
4  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
5  Los Angeles, California 90071
   Telephone: (213) 330-4500
6  Facsimile: (213) 330-4501

7  Attorneys for Defendant
   CRST EXPEDITED, INC.

8                  UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

10

11 | JANE DOE, an individual,              | CASE NO.:
12 |                         Plaintiff,    | *[Removed from Riverside Superior Court; Case No.: CVRI2102214]*
13 |        v.                             |
14 | CRST EXPEDITED, INC., an entity       | **DECLARATION OF KRISTEN NESBIT IN SUPPORT OF DEFENDANT CRST EXPEDITED, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441, AND 1446**
15 | of unknown form; ARTHUR               |
16 | MARTYN, an individual; and            |
   | DOES 1 through 20,                    |
17 |                         Defendants.   |
18 |                                       | Complaint Filed:  May 14, 2021
19 |                                       | Removal Date:     July 1, 2021
   |                                       | Trial Date:       None Set

20

21

22

23

24

25

26

27

28

---

## **DECLARATION OF KRISTEN NESBIT**

I, Kristen Nesbit, hereby declare and state as follows:

1.      I am a Partner with the law firm of Fisher & Phillips LLP, counsel of record for Defendant CRST Expedited, Inc. ("CRST" or "Defendant") in the above-captioned action.  I make this declaration in support of Defendant's Notice of Removal.

2.      I am a member in good standing of the State Bar of California and have been admitted to practice before the United States District Court for the Central District of California.  I have personal knowledge of the facts set forth in this Declaration and, if called to testify as witness, could and would testify competently to such facts under oath.

3.      Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff Jane Doe's Summons, Complaint, and all other matters ("State Lawsuit") with which Plaintiff served Defendant through its registered agent on June 3, 2021.

4.      Attached hereto as **Exhibit B** is a true and correct copy of Defendant's Answer to the complaint that was filed with the Clerk of the Court in the Superior Court for the State of California, County of Riverside, on June 30, 2021, and served on Plaintiff.

5.      Upon information and belief, Plaintiff has not served Arthur Martyn with the State Lawsuit.

6.      On July 1, 2021, Defendant filed a Notice to Plaintiff and State Court of Filing of Notice of Removal with the Clerk of the Court in the Superior Court for the State of California, County of Riverside, and served on Plaintiff.

I declare under the laws of the United States of America that the foregoing is true and correct.

///

///

///

Executed this 1st day of July 2021, at Los Angeles, California.

_____

KRISTEN NESBIT

DECLARATION OF KRISTEN NESBIT IN SUPPORT OF DEFENDANT CRST EXPEDITED, INC.'S
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446

FP 40900023.2

# EXHIBIT A

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
MAY 14 2021

L. SIRACUSA

1  John C. Taylor, State Bar No. 78389
   Natalie Weatherford, State Bar No. 278522
2  **TAYLOR & RING**
   1230 Rosecrans Avenue, Suite 360
3  Manhattan Beach, California 90266
   Telephone: (310) 209-4100
4  Facsimile: (310) 208-5052

5  Attorneys for Plaintiff,
   JANE DOE

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **FOR THE COUNTY OF RIVERSIDE**

10

11  JANE DOE, an individual,                    )   CASE NO. **CVRI 2102214**
                                                 )
12                    Plaintiff,                 )
                                                 )   **PLAINTIFF'S COMPLAINT FOR**
13                                               )   **DAMAGES FOR:**
    vs.                                          )
14                                               )
                                                 )   1) **SEXUAL ASSAULT, BATTERY**
15  CRST EXPEDITED, INC., an entity of unknown   )      **AND RATIFICATION:**
16  form; ARTHUR MARTYN, an individual; and      )   2) **HARASSMENT IN VIOLATION**
    DOES 1 through 20,                           )      **OF THE FEHA;**
17                                               )   3) **FAILURE TO INVESTIGATE**
                    Defendants.                  )      **AND PREVENT HARASSMENT**
18                                               )      **IN VIOLATION OF THE FEHA;**
                                                 )   4) **NEGLIGENT HIRING,**
19                                               )      **RETENTION AND/OR**
                                                 )      **SUPERVISION;**
20                                               )   5) **NEGLIGENCE; AND**
                                                 )   6) **INTENTIONAL INFLICTION OF**
21                                               )      **EMOTIONAL DISTRESS; &**
                                                 )
22                                               )   **DEMAND FOR JURY TRIAL**
                                                 )
23                                               )
                                                 )
24

25      Plaintiff JANE DOE ("Plaintiff") hereby brings her complaint demanding a trial by jury and

26  seeking damages against Defendants CRST EXPEDITED, INC.; ARTHUR MARTYN; and DOES 1

27  through 20, inclusive and each of them, as a result of the allegations and claims set forth in this

28  complaint, as follows:

                                          1

**THE PARTIES**

1.  Plaintiff JANE DOE is a 58-year-old woman who at all relevant times herein was employed as a truck driver by Defendant CRST EXPEDITED, INC. As described herein, Plaintiff was the victim of a violent sexual assault and harassment perpetrator by her co-truck driver during her employment at CRST EXPEDITED, INC. As such, Plaintiff is entitled to protect her identity from public disclosure and as such, she has filed this lawsuit as "Jane Doe."

2.  Plaintiff is informed and believes and thereupon alleges that defendant CRST EXPEDITED, INC. ("CRST") and/or DOES 1-10, and each of them, was and at all times mentioned herein is a business entity of unknown form organized and existing under the laws of the State of California and doing business in the State of California, County of Riverside.

3.  Plaintiff is informed and believes and thereupon alleges that defendant ARTHUR MARTYN and/or DOES 11-20, and each of them, was and now is an individual now residing in Palm Beach County, State of Florida. Defendant ARTHUR MARTYN and/or DOES 11-20, and each of them, was employed by defendant CRST and/or DOES 1-10 as an employee and agent at all relevant times. More specifically, Plaintiff is informed and believes that ARTHUR MARTYN was a long haul truck driver employee of CRST.

4.  Plaintiff is informed and believes and based thereon alleges that defendant CRST and/or DOES 1-10, and each of them, knew or should have known of the dangerous propensity and criminal history of defendant ARTHUR MARTYN and/or DOES 11-20 to sexually harass and abuse women, including his coworkers and people assigned to work as his CRST co-driver, like Plaintiff, prior to his employment and during his employment with CRST. Despite knowing this, CRST failed to take immediate and appropriate corrective action against MARTYN, which allowed the sexual harassment and assault of Plaintiff, as described herein, to occur. Furthermore, defendant CRST and/or DOES 1-10 created a hostile work environment and failed to have and/or enforce a reasonable policy for preventing sexual harassment and sexual assault in the work place.

5.  Jurisdiction is proper in Riverside County because the harassment and assault (the "subject incident") occurred in the County of Riverside, State of California, where CRST maintains a trucking terminal located at 5350 Wilson Street, Jurupa Valley, California 92509.

2

6.     Plaintiff is informed and believes and thereupon alleges that DOES 1 through 20, inclusive, and each of them are either corporations, limited companies, limited partnerships, partnerships, sole proprietorships, trusts or individuals and/or are in some way liable for the incident described herein and Plaintiff's resulting damages.

7.     The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 20 are unknown to Plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this Complaint, either intentionally, negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable, or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when they have been ascertained.

8.     Plaintiff is informed and believes and based thereon alleges that each defendant acted in all respects pertinent to this action as the agent and/or employee of the other defendants; that they were acting within the course and scope of their agency and/or employment at all relevant times; that they carried out a joint scheme, business plan or policy in all respects pertinent hereto; and the acts of each defendant are legally attributable to the other defendants.

9.     Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant shall mean all Defendants, and each of them.

**FACTUAL ALLEGATIONS**

10.     At all times mentioned herein, defendant CRST and/or DOES 1-10 was a long-haul trucking company operating out of the County of Riverside in the State of California. Plaintiff is informed and believes that defendant CRST is one of the nation's largest team carriers and employs approximately 7,000 drivers in 48 states.

11.     Pursuant to the company's policy, CRST student truck drivers are required to complete 28 days of training with a "Lead" driver/ instructor at the company and trainees are also required to enter into an eight-month contract to drive for the company upon completion of the training. The cost of the training, several thousand dollars, is forgiven by CRST only if the trainee fulfills his/her eight-

3

1   month contract.  Trainees earn significantly less than those who have completed the training.  If a

2   trainee does not complete the eight-month contract they are contractually obligated to pay CRST back

3   for the training.

4       12.    After the Student Driver "passes" the 28 day student-trainee period of the truck driver

5   training, the driver can now become a "co-driver" and haul loads for CRST with another CRST driver.

6       13.    CRST is one of the few trucking companies that employs a co-driving model wherein

7   one driver drives while the other takes their mandated rest breaks and/or sleeps. This model allows for

8   the truck to continually be moving, eliminating the need for rest stops and breaks. The co-drivers

9   remain on the truck together, alone for the majority of the day, only stopping for restroom breaks and

10  to execute deliveries. Co-drivers are required to share a sleeper berth in the cab of the truck.

11      14.    At all relevant times herein, defendant ARTHUR MARTYN and/or DOES 11-20 was

12  employed by CRST as a truck driver.  Prior to October 8, 2019, Defendant MARTYN made sexually

13  harassing comments and actions towards his co-workers.  Given this history of misconduct, CRST

14  and/or DOES 1-10 knew or should have known that ARTHUR MARTYN and/or DOES 11-20 had a

15  dangerous and disturbing history of sexually harassing and abusive behavior towards his co-workers

16  and those assigned to be his co-drivers.

17      15.    Plaintiff is informed and believes that prior to obtaining employment with CRST,

18  defendant ARTHUR MARTYN and/or DOES 11-20 had a criminal record that included violent

19  felony charges and convictions.

20      16.    At all relevant times herein, Defendant CRST and/or DOES 1-10 created a hostile,

21  abusive and discriminatory work environment because, in part, it was well aware of many claims of

22  sexual assaults and harassment between its male and female "co-drivers" but defendant CRST and/or

23  DOES 1-10 did nothing to stop the practice.  When female employees would complain to supervisors

24  and/or management, defendant CRST and/or DOES 1-10 would discount their claims, state that it was

25  the female employee's word against the male driver, fail to investigate, and/or blame the victim.

26      17.    Defendant CRST and/or DOES 1-10 also allowed the use of sexually explicit

27  language, sexual innuendos, and inappropriate sexual misconduct between and among its employees.

28  The defendant's male drivers routinely propositioned female drivers for sex, commented on their

4

bodies, discussed the appearance of women, and talked about their sexual exploits in the dispatch terminals and on their trucks with female employees. These offenses were open and obvious to management, and they occurred on a regular and ongoing basis. In fact, Plaintiff is informed and believes that male drivers would routinely ask to be assigned to a female driver so that they could have sex with the female driver while on the road. Management did not discourage this misconduct, but it encouraged it by its complacency. This created an environment where sexual harassment was not only tolerated but where it flourished and worsened.

18.     Furthermore, Defendant CRST and/or DOES 1-10 had male and female drivers working and sleeping together in the same small, private cabs of trucks; it provided little or no training and instruction on what is and is not appropriate work interaction, including but not limited to the topic of sexual abuse and harassment; and it failed to monitor the actions and interactions of its employees.

19.     Plaintiff is informed and believes that this has long been an issue with defendant CRST and/or DOES 1-10. In fact, there have been several lawsuits filed against Defendant CRST around the country by its female employees for the pattern of sexual abuse, harassment and discrimination that they have had to endure at the hands of their male CRST supervisors and co-workers.

20.     In July 2019, Plaintiff JANE DOE was hired by defendant CRST and/or DOES 1-10 as a student truck driver. She entered into CRST's student driver contract and at all times mentioned herein was working for CRST to pay off the thousands of dollars that she owed to CRST under her student driver contract.

21.     From late July to October 2019, Plaintiff JANE DOE was assigned to and/or paired with several male CRST lead and co-drivers who were abusive, verbally harassing, sexually harassing, and/or violent towards Plaintiff. Plaintiff reported the incidents with her prior lead and co-drivers to CRST human resources and other personnel at CRST.

22.     From late July 2019 through October 2019, CRST, through its personnel, explicitly and implicitly discouraged Plaintiff from reporting the harassment she had experienced on the road, perpetrated by Plaintiff's male lead and co-drivers. On one occasion prior to October 2019, Plaintiff was told by a CRST human resources employee that further complaints by Plaintiff regarding

harassing male lead and co-drivers would cause Plaintiff to be blacklisted at CRST and she would not receive new trucking assignments and not be able to pay off the thousands of dollars she owed to CRST under her CRST student driver contract.

23. In early October 2019, Defendant ARTHUR MARTYN and/or DOES 11-20 was assigned as Plaintiff's CRST "co-driver" at the CRST Riverside Terminal in Jurupa Valley, California.

24. Prior to meeting defendant MARTYN, Plaintiff spoke to him via a social media platform that CRST encouraged its drivers to use to "find CRST co-drivers to pair up with". MARTYN told Plaintiff he was a former law enforcement officer and a marine. He endeared himself to Plaintiff by holding himself out to be a "nice guy", father figure and protector. Plaintiff felt that she would be safe with MARTYN due to his background and his status as an employee in good standing with CRST.

25. On October 8, 2019, Plaintiff and Defendant MARTYN received their first CRST assignment in Riverside, California. They were assigned to haul a load from Riverside to Cedar Rapids, Ohio.

26. Shortly after receiving the assignment, MARTYN began sexually harassing and intimidating the Plaintiff. The harassment and intimidation began at the Riverside terminal where MARTYN would make sexually suggestive remarks toward Plaintiff. Plaintiff felt uncomfortable around MARTYN, however she did not want to complain to CRST for fear of losing her trucking assignment.

27. On or about October 8, 2019, MARTYN assaulted Plaintiff for the first time on the CRST truck at the Riverside terminal. MARTYN pushed Plaintiff on to the bed in the sleeper birth of the CRST truck, held her arms down, restrained her and made sexually inappropriate comments to her and touched her body. MARTYN threatened Plaintiff that if she told anyone about the abuse and harassment that he would have her fired from CRST.

28. MARTYN's harassment and intimidation of Plaintiff continued throughout the truck driving assignment. He told Plaintiff that "no one will be able to hear you scream" on the truck. MARTYN watched Plaintiff very closely both on and off of the truck. He took away her cell phone

6

1  and restricted her use of the truck's Qualcomm communication system.

2       29.    On or about October 9, 2019, MARTYN sexually assaulted Plaintiff for a second time

3  in the sleeper birth of the CRST truck while stopped near Arizona due to high winds. MARTYN

4  forcibly raped and beat the Plaintiff. Plaintiff was rendered unconscious during the assault.

5  Immediately after the assault, Plaintiff was physically sick, nauseous, dizzy and had severe, traumatic

6  injuries to her vagina.

7       30.    On or about October 11, 2019, fearing for her life and safety, Plaintiff escaped from

8  MARTYN by driving the truck away from him while he was inside of a truck stop in Kansas.

9       31.    Plaintiff immediately reported the assault incidents to CRST. CRST discouraged

10  Plaintiff from reporting the incident to police and told her that she needed to continue to drive the

11  truck to a trucking terminal in Cunningham, Kansas, so that the "load could be rescued" and not

12  delayed.

13       32.    Plaintiff did as instructed by CRST, and drove the truck to a point where the "load

14  could be rescued".

15       33.    On October 13, 2019, Plaintiff reported the rape to police in Hutchinson, Kansas,

16  underwent a forensic sexual assault examination and entered a women's shelter to treat for her injuries

17  related to the assault.

18                      **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

19       34.    Plaintiff filed a complaint against the defendants with the Department of Fair

20  Employment and Housing ("DFEH") on October 8, 2020. The DFEH issued Plaintiff a "Right-to-Sue"

21  letter on the same day. This Complaint is timely filed pursuant to that letter.

22                            **FIRST CAUSE OF ACTION**

23             **SEXUAL ASSAULT, BATTERY AND RATIFICATION**

24                     **(Against All Defendants)**

25       35.    Plaintiff realleges and incorporates by reference paragraphs 1 through 34, inclusive, of

26  this complaint as if fully set forth at this place.

27       36.    In doing the acts herein alleged, defendant ARTHUR MARTYN and/or DOES 11-20

28  acted with the intent to cause harmful or offensive contact with Plaintiff; which did occur.  Plaintiff did

7

not consent to that harmful and offensive contact at any time. As a direct and legal result of the said acts, Plaintiff suffered bodily harm and/or offensive contact.

37.    Thereafter, Defendant CRST and/or DOES 1-10 ratified the harmful and offensive conduct of defendant MARTYN.

38.    Defendant CRST and/or DOES 1-10 discouraged Plaintiff from reporting defendant ARTHUR MARTYN and/or DOES 11-20's misconduct. After Plaintiff reported the misconduct, against the express or implied direction of defendant CRST, CRST and DOES 1-10 failed to meaningfully investigate or respond to Plaintiff's report of sexual harassment and abuse and/or took no action to reprimand, discipline or otherwise rebuke the actions of defendant ARTHUR MARTYN and/or DOES 11-20.

39.    By the aforesaid actions and inactions of the Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 in an amount which exceeds the jurisdictional limits of this Court; according to proof at the time of the trial.

40.    As a direct and proximate result of the tortious actions of the Defendants, and each of them, Plaintiff has been injured. All of said injuries have caused, and continue to cause her great mental, physical pain and suffering. Plaintiff is informed and believes and thereon alleges that said injuries will result in some permanent injury to Plaintiff, all to her general damages in a sum which exceeds the jurisdiction of this Court; according to proof at the time of trial.

41.    Defendants' conduct was intentional, fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff. The defendants aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SECOND CAUSE OF ACTION

### HARASSMENT IN VIOLATION OF FEHA

#### (Against All Defendants)

42.    Plaintiff realleges and incorporates by reference paragraphs 1 through 41, inclusive, of this complaint as if fully set forth at this place.

8

43. At all times herein mentioned, California Government Code § 12940 et seq., was in full force and effect and was binding on the defendants, as defendant CRST and/or DOES 1-10 regularly employed five (5) or more persons. The conduct of the defendants, as herein described above, constitutes harassment in violation of California Government Code § 12940(j).

44. The harassment complained of by Plaintiff was based on Plaintiff sex/gender, and the harassment complained of was sufficiently severe and/or pervasive so as to alter the conditions of employment and create an abusive working environment.

45. CRST and/or DOES 1-10 knew or should have known of the harassment, yet failed to take reasonable measures to prevent it and/or remedy it.

46. As a proximate result of the wrongful acts of the defendants, Plaintiff suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable; all in an amount subject to proof at the time of trial.

47. As a proximate result of the wrongful acts of the defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorney's fees and costs in connection therewith. Plaintiff is entitled to recover attorney's fees and costs under California Government Code § 12965(b).

48. Defendants' conduct was fraudulent, malicious, oppressive and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///

9

### THIRD CAUSE OF ACTION

### FAILURE TO INVESTIGAGE AND PREVENT HARASSMENT IN VIOLATION OF FEHA

### (Against Defendant CRST and DOES 1-10)

49.     Plaintiff realleges and incorporates herein paragraphs 1 through 48 of this complaint as though fully set forth.

50.     At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon defendant CRST and/or DOES 1-10.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end harassment and take all reasonable steps necessary to prevent harassment from occurring.

51.     As described herein, defendant CRST and/or DOES 1-10 knew or should have known of the harassing and abusive conducted of defendant ARTHUR MARTYN and/or DOES 11-20  but failed to take immediate and appropriate corrective action to end the harassment.  Said defendants also failed to take all reasonable steps necessary to prevent the harassment from occurring.

52.     In failing and/or refusing to take immediate and appropriate corrective action to end the harassment and in failing and/or refusing to take any or all reasonable steps necessary to prevent harassment from occurring, defendant CRST and/or DOES 1-10 violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

53.     As a proximate result of the wrongful acts of said defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

54.     As a proximate result of the wrongful acts of said defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorney's fees and costs in connection therewith.  Plaintiff is entitled to recover attorney's fees and costs under California Government Code § 12965(b).

///

10

### FOURTH CAUSE OF ACTION

### NEGLIGENT HIRING, RETENTION, AND/OR SUPERVISION

### (Against Defendant CRST and DOES 1-10)

55.     Plaintiff realleges and incorporates herein paragraphs 1 through 54 of this complaint as though fully set forth.

56.     Defendant CRST and/or DOES 1-10 had the responsibility and duty to adequately and properly investigate, hire, train and supervise its employees so as to protect those who worked for CRST and/or DOES 1-10 from harm caused by unfit and dangerous individuals.

57.     Plaintiff is informed and believes that defendant CRST and/or DOES 1-10 knew, had reason to know, or was otherwise on notice of the misconduct of defendant ARTHUR MARTYN and/or DOES 11-20 because it was pervasive and obvious and/or as a result of other complaints.  Yet CRST hired and/or retained defendant ARTHUR MARTYN and/or DOES 11-20 anyways and put no restrictions on him despite his prior misconduct.

58.     Plaintiff is also informed and believes that defendant CRST and/or DOES 1-10 failed to take reasonable steps to implement reasonable safeguards to ensure that such misconduct did not occur in the future.

59.     As such, said defendant failed to exercise reasonable care in hiring, supervising and retention of defendant ARTHUR MARTYN and/or DOES 11-20 which amounted to a breach of its duty of care.

60.     As a direct and proximate result of defendant CRST and/or DOES 1-10 actions and/or inactions, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

///

11

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

### (Against Defendant CRST and DOES 1-10)

61.     Plaintiff realleges and incorporates herein paragraphs 1 through 60 of this complaint as though fully set forth.

62.     Defendant CRST and/or DOES 1-10 had a duty to provide a safe work environment that was free from harassment and abuse and to assure that its employees were properly trained on what constituted harassment and abuse in the workplace.

63.     Plaintiff is informed and believes and herein alleges that defendant CRST and/or DOES 1-10 breached that duty to Plaintiff by, in part, creating a work environment that was sexually charged and abusive; by failing to properly instruct its employees on appropriate and acceptable conduct in the workplace; by allowing female employees (like Plaintiff) to be sexual harassed in the work place; and by failing to properly respond to complaints of harassment and abuse; as here.

64.     As a direct and proximate result of defendant CRST and/or DOES 1-10 actions and/or inactions, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant ARTHUR MARTYN and/or DOES 11-20)

65.     Plaintiff realleges and incorporates herein paragraphs 1 through 64 of this complaint as though fully set forth.

66.     The conduct of defendant ARTHUR MARTYN and/or DOES 11-20, including the sexual harassment and assault of Plaintiff described herein was outrageous, extreme, intentional and malicious

12

and done for the purpose of causing, or with the substantial certainty that it would cause, Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

67. A reasonable person would not be expected to tolerate the sexual harassment and battery of Plaintiff by defendant ARTHUR MARTYN and/or DOES 11-20.

68. As a direct and proximate result of the conduct of defendant ARTHUR MARTYN and/or DOES 11-20, as above-described herein, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

69. In committing the acts described herein, said defendant acted with malice, oppression and fraud. Plaintiff should, therefore, be awarded exemplary and punitive damages against said defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages according to proof;
4. For attorney fees and costs of suit;
5. For prejudgment and post-judgment interest according to law; and
6. For such other and further relief as the court may deem just and proper.

Dated: May 13, 2021

TAYLOR & RING

By: _____
John C. Taylor
Natalie Weatherford
Attorneys for Plaintiff, JANE DOE

13

PLAINTIFF'S COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff JANE DOE hereby demands that her action be determined by trial by jury.

Dated: May 13, 2021

TAYLOR & RING

By: _____
John C. Taylor
Natalie Weatherford
Attorneys for Plaintiff, JANE DOE

14

# EXHIBIT B

1    Kristen J. Nesbit (SBN 242426)
     E-Mail:  knesbit@fisherphillips.com
2    Nathan V. Okelberry (SBN 266596)
     E-Mail:  nokelberry@fisherphillips.com
3    LaLonnie V. Gray (SBN 366999)
     E-Mail: lgray@fisherphillips.com
4    FISHER & PHILLIPS LLP
     444 South Flower Street, Suite 1500
5    Los Angeles, California 90071
     Telephone: (213) 330-4500
6    Facsimile: (213) 330-4501

7    Attorneys for Defendant
     CRST EXPEDITED, INC.

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF RIVERSIDE

11

12   JANE DOE, an individual,                 CASE NO.:  CVRI 2102214
                                              *[Unlimited Jurisdiction]*
13                 Plaintiff,
                                              **DEFENDANT CRST EXPEDITED, INC.'S**
14         v.                                 **ANSWER AND AFFIRMATIVE DEFENSES**
                                              **TO PLAINTIFF JANE DOE'S COMPLAINT**
15   CRST EXPEDITED, INC., an entity of
     unknown form; ARTHUR MARTYN, an          *Assigned for all purposes to the*
16   individual; and DOES 1 through 20,       *Honorable Chad Firetag, Dept. 3*

17                 Defendants.
                                              Complaint Filed: May 14, 2021
18                                            Trial Date:        None

19

20

21

22

23

24

25

26

27

28

---

DEFENDANT CRST EXPEDITED, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF
JANE DOE'S COMPLAINT

FP 40887350.2

COMES NOW Defendant CRST EXPEDITED, INC. ("Defendant"), on behalf of itself and for no other Defendant, hereby answers the Unverified Complaint for Damages ("Complaint") filed by Plaintiff JANE DOE ("Plaintiff") as follows:

## ANSWER

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified Complaint.  Furthermore, Defendant specifically denies that Plaintiff has suffered any injury, damage, or loss of any kind or in any sum whatsoever, by reason of any alleged act(s), breach(es), or omission(s) of Defendant, its employees, agents, or anyone else acting on its behalf.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to California *Code of Civil Procedure* section 335.1, 338 subdivision (a), and 340, subdivision (a), and California Government Code sections 12960 and 12965.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff is estopped by her conduct from recovering any relief sought in the complaint or in any purported cause of action alleged therein.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5.      By her conduct, Plaintiff has waived any right to recover any relief sought in the complaint or in any purported cause of action alleged therein.

//

//

DEFENDANT CRST EXPEDITED, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF JANE DOE'S COMPLAINT

FP 40887350.2

1

**SIXTH AFFIRMATIVE DEFENSE**

2      6.      The acts of the other named Defendants of which Plaintiff complains were all

3  undertaken outside the scope of their agency and/or employment with this answering Defendant

4  and without the knowledge or consent of this answering Defendant and this answering Defendant

5  may not be held liable therefor.

6

**SEVENTH AFFIRMATIVE DEFENSE**

7      7.      To the extent Plaintiff suffered any symptoms of mental or emotional distress or

8  injury, they were the result of a pre-existing psychological disorder or alternative concurrent

9  cause, and not the result of any act or omission of Defendant.

10

**EIGHTH AFFIRMATIVE DEFENSE**

11      8.      Plaintiff welcomed and consented to the alleged physical contact alleged in the

12  Complaint.

13

**NINTH AFFIRMATIVE DEFENSE**

14      9.      Any recovery on Plaintiff's complaint, or any purported cause of action alleged

15  therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

16

**TENTH AFFIRMATIVE DEFENSE**

17      10.      Plaintiff is not entitled to recover punitive or exemplary damages from Defendant

18  on the grounds that any award of punitive or exemplary damages would violate Defendant's

19  constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of

20  the United States Constitution.

21

**ELEVENTH AFFIRMATIVE DEFENSE**

22      11.      Any recovery on Plaintiff's Complaint, or any causes of action contained therein,

23  is barred in that this Court lacks jurisdiction over such claims because Plaintiff failed to perfect

24  a right of action and/or exhaust administrative remedies prior to commencing this civil action as

25  required by the applicable law including, without limitation, the California Fair Employment and

26  Housing Act ("the FEHA") and/or failed to exhaust internal grievance procedures.

27  //

28  //

DEFENDANT CRST EXPEDITED, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF
JANE DOE'S COMPLAINT

FP 40887350.2

**TWELFTH AFFIRMATIVE DEFENSE**

12.     Plaintiff's Complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 et seq.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Plaintiff's claims are barred by the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Plaintiff is guilty of undue delay in filing and prosecuting this suit and, accordingly, this action is barred by laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing behavior.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     Plaintiff's reasonable use of Defendant's procedures to prevent and/or correct the allegedly harassing behavior would have prevented all or some of the alleged harm he claims to have suffered.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     Plaintiff did not exercise ordinary care on her own behalf, and her own acts and omissions proximately caused and/or contributed to the loss, injury, damage, or detriment alleged

DEFENDANT CRST EXPEDITED, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF JANE DOE'S COMPLAINT

FP 40887350.2

1   by Plaintiff, and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to

2   the percentage of Plaintiff's negligence or fault.

3                          **TWENTIETH AFFIRMATIVE DEFENSE**

4           20.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant

5   on the grounds that any award of punitive or exemplary damages would violate Defendant's

6   constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of

7   the United States Constitution.

8                          **RESERVATION OF RIGHTS**

9           Defendant currently has insufficient information available upon which to form a belief as

10  to whether it has additional, as yet unstated, affirmative defenses available.  Defendant reserves

11  the right to assert additional affirmative defenses in the event discovery indicates it would be

12  appropriate.

13          WHEREFORE, this answering Defendant prays as follows:

14          1.      That Plaintiff take nothing by her complaint for damages;

15          2.      That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

16          3.      That Defendant recover its costs of suit herein, including its reasonable attorneys'

17  fees; and

18          4.      That the court award such other and further relief as it deems appropriate.

19

20  DATE:  June 30, 2021                    FISHER & PHILLIPS LLP

21

22

23                                  By: _____
                                        Kristen J. Nesbit
24                                      Nathan V. Okelberry
                                        LaLonnie V. Gray
25                                      Attorneys for Defendant
                                        CRST EXPEDITED, INC.

26

27

28

                                            4
_____
DEFENDANT CRST EXPEDITED, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF
                          JANE DOE'S COMPLAINT

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On June 30, 2021, I served the following document(s) **DEFENDANT CRST EXPEDITED, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF JANE DOE'S COMPLAINT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| John C. Taylor, Esq. | *Attorneys for Plaintiff Jane Doe* |
| Natalie Weatherford, Esq. | |
| **TAYLOR & RING** | |
| 1230 Rosecrans Avenue, Suite 360 | Tel:   (310) 209-4100 |
| Manhattan Beach, CA 90266 | Fax:   (310) 208-5052 |

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (213) 330-4501. The fax reported no errors. A copy of the transmission report is attached.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed June 30, 2021, at Los Angeles, California.

Melody Biglay                     By:   _____
_____
Print Name                                              Signature

FP 40887350.2

# eSubmit – Document Submission Portal
## Delivery Confirmation

| Submission ID | Date Received |
|---|---|
| 10819767 | 6/30/2021 4:26:48 PM |

| First Name | Middle Name | Last Name |
|---|---|---|
| Elsa | | Amaya |

| Street Address | City | State | Zip |
|---|---|---|---|
| 3631 10th street | Riverside | CA | 92501 |

| Phone Number | Fax Number | Company / Agency |
|---|---|---|
| (951) 320-7770 | | QC# 35280 |

**Email Address**

riv@expressnetworkas.com

| New Case | Case Number | Case Type | Court Location |
|---|---|---|---|
| No | CVRI2102214 | Civil | Riverside |

**Fee Waiver or Other Exemption**

None

| Filing as an Attorney | Bar Number | Attorney for |
|---|---|---|
| No | | |

**Documents**

| 1 | ANSWER |
|---|---|

**Notes / Special Instructions**

**IMPORTANT:** This document serves as a confirmation of delivery only and the submitted documents have not yet been processed and/or filed by the Superior Court of California, County of Riverside.

**CERTIFICATE OF SERVICE**

    I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

    On July 1, 2021, I served the following document(s) **DECLARATION OF KRISTEN NESBIT IN SUPPORT OF DEFENDANT CRST EXPEDITED, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| John C. Taylor, Esq. | *Attorneys for Plaintiff Jane Doe* |
| Natalie Weatherford, Esq. | |
| **TAYLOR & RING** | Tel:  (310) 209-4100 |
| 1230 Rosecrans Avenue, Suite 360 | Fax:  (310) 208-5052 |
| Manhattan Beach, CA 90266 | |

☒    **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐    **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐    **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express.  Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐    **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).  Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network.

    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed July 1, 2021, at Los Angeles, California.

Melody Biglay
_____
Print Name

By: _____
Signature

3
PROOF OF SERVICE